UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-06599-CAS-JCx | Date | November 15, 2023 |
| Title | Volkswagen Group of America, Inc. v. On-Line Administrators, Inc. et al | | |

| | | |
|---|---|---|
| Present: The Honorable | Christina A. Snyder, United States District Judge | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Dkt. 14, filed on October 12, 2023)

## I. INTRODUCTION

On August 11, 2023, plaintiff Volkswagen Group of America, Inc. ("Volkswagen") filed suit against defendants On-Line Administrators, Inc. dba Peak Performance Marketing Solutions ("Peak"), On-Line Administrators, LLC ("OLA"), and Affinitiv, Inc. ("Affinitiv") (collectively "Defendants") in this Court. Dkt. 1 ("Compl."). Plaintiff brings claims for: (1) express contractual indemnity; (2) equitable indemnity; (3) declaratory relief; and (4) breach of contract, arguing that defendants were obligated to indemnify plaintiff in a third-party lawsuit (the Trenz action) that was filed against both parties. Id.

On October 12, 2023, defendants filed the instant motion to dismiss. Dkt. 14 ("MTD"). They concurrently filed a declaration from Jay T. Ramsey containing documents from the Trenz action. Dkt. 14-1, 14-2 ("Ramsey Decl."). On October 23, 2023, plaintiff filed its opposition. Dkt. 16 ("Opp."). It concurrently filed objections to the evidence presented in the Ramsey Declaration and accompanying exhibits. Dkt. 17 ("Obj."). On October 30, 2023, defendants filed their reply. Dkt. 18 ("Reply").

On November 13, 2023, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:23-cv-06599-CAS-JCx | Date | November 15, 2023 |
|---|---|---|---|
| Title | Volkswagen Group of America, Inc. v. On-Line Administrators, Inc. et al | | |

## II. BACKGROUND

### A. The Parties

Plaintiff is a New Jersey corporation with its principal place of business in Herndon, Virginia. Compl. ¶ 1. It is an importer and distributor of new Volkswagen and Audi vehicles in the U.S. Id.

Defendant On-Line Administrators, Inc. dba Peak Performance Marketing Solutions ("Peak") is a California company that provides marketing services to automobile manufacturers and dealerships. Id. ¶ 2.

In August of 2016, Peak was converted into On-Line Administrators, LLC, ("OLA"). OLA is a limited liability company that was founded in California and has its primary corporate offices in Illinois.[1] Id. ¶ 3.

In September of 2016, defendant Affinitiv, Inc. ("Affinitiv") acquired and/or merged with Peak and OLA. Affinitiv is a Delaware corporation with its primary corporate offices in Illinois. Id. ¶ 4.

### B. The Agreements

In 2008, Volkswagen launched its Target and Retain After Sales Customers ("TRAC") Program. Id. ¶ 16. From 2008-2016, Volkswagen retained Peak to write and call customers to remind them about regular services for their vehicles. Id. ¶¶ 17-18. The terms of these services were defined in three purchase orders, dated February 26, 2008 ("February 2008 Purchase Order"), October 12, 2010 ("October 2010 Purchase Order"), and December 20, 2013("December 2013 Purchase Order") (collectively, the Agreements"), all of which incorporated the "standard terms and conditions found on http://www.vwgroupsupply.com." Id. ¶¶ 20-22. The October 2010 and December 2013 Purchase Orders also provided a specific file path to Volkswagen's Non-Production Standard Terms and Conditions (the "Standard Terms & Conditions"). Id. ¶ 24; dkt. 1 at exh. D.

---

[1] Plaintiff alleges that OLA is a citizen of Illinois based on the location of OLA's primary corporate offices. Comp. ¶ 3. However, an LLC is deemed to be a citizen of every state in which its members reside. Plaintiff has not provided information regarding the residency of OLA's members.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-06599-CAS-JCx | Date | November 15, 2023 |
| Title | Volkswagen Group of America, Inc. v. On-Line Administrators, Inc. et al | | |

Peak is considered a "Supplier" as defined by the Standard Terms & Conditions. Id. ¶ 27. Paragraph 7.2.1 of the Standard Terms & Conditions requires Peak to "comply with all applicable laws." Id. ¶ 29. Section 8, titled "Indemnification," provides:

> 8.1 Indemnification by Supplier. Supplier will, at its expense, indemnify, defend and hold harmless [plaintiff] and its affiliates, and their respective Personal, successors and assigns (each a "VWGoA Indemnitee"), from and against all damages, losses, claims, liabilities and expenses (including reasonable attorneys' and other professional fees, settlement and judgments[)] (collectively, "Losses") claimed by any Third Person in any claim, demand, suit, or proceeding in connection with any of the following:
>
> 8.1.1 The breach or misrepresentation by Supplier of its obligations or warranties to [plaintiff] under these Terms or an Order;
>
> 8.1.2 The death or bodily or personal injury of, or other legally enforceable damage incurred by, any agent, employee, customer, business invitee, or business visitor or other person caused by the breach of contract, breach of warranty, gross negligence, intentional or willful misconduct, errors or omissions of Supplier or its Personnel, agents or Subcontractors. Id. ¶ 30.

**C.   The Trenz Action**

On October 14, 2015, Brian Trenz filed a complaint against Peak and Volkswagen in the United States District Court for the Central District of California. See Complaint, Brian Trenz v. On-Line Administrators, Inc. et al., No. 15-cv-08356-JLS (C.D. Cal. October 26, 2015), ECF No. 1. The Trenz complaint alleged that Peak and Volkswagen had negligently and willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") based on telephone calls and voice mail messages that the Trenz plaintiffs received from Peak as part of the TRAC Program. Compl. ¶ 33.

Trenz ultimately resulted in two certified classes, allegedly "exposing [Volkswagen] to potential liability in the hundreds of millions of dollars." Id. ¶ 35. The first class (the "Pre-October 16, 2013 Class") was represented by named plaintiff Brian

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:23-cv-06599-CAS-JCx | Date | November 15, 2023 |
|---|---|---|---|
| Title | Volkswagen Group of America, Inc. v. On-Line Administrators, Inc. et al | | |

Trenz,[2] while the second class (the "Post-October 16, 2013 Class") was represented by Caitlyn Farrell and Noelle Simms. MTD at 4; see Trenz, No. 15-cv-08356, ECF No. 136-137.

On July 29, 2016, Volkswagen demanded that Peak indemnify and defend Volkswagen in the Trenz suit pursuant to Section 8 of the Standard Terms & Conditions. Peak refused. Compl. ¶¶ 36-37.

On August 10, 2020, the court dismissed Trenz's claims on summary judgment and decertified the Pre-October 16, 2013 Class. Trenz, No. 15-cv-08356, ECF No. 228. On March 10, 2022, the remaining plaintiffs in the Trenz action stipulated to dismiss their claims. Id. at ECF No. 263. On March 25, 2022, the court decertified the Post-October 16, 2013 Class and dismissed the remaining claims without prejudice. Id. at ECF No. 267.

The Tenz plaintiffs appealed. Id. at ECF No. 268. On April 11, 2022, Volkswagen sent Peak a draft settlement agreement and demanded Peak pay the settlement amount pursuant to the Agreements. Peak refused. Compl. ¶¶ 39-40. In May 2022, Volkswagen settled the Trenz matter. Id. ¶ 41. It now brings this action against defendants to recover the costs of defending and resolving the Trenz class action. Id. at 12.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

---

[2] Francis Breidenbach was another named plaintiff representing the Pre-October 16, 2013 Class, but the Court dismissed his claims on summary judgment. Trenz, No. 15-cv-08356, ECF No. 136.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:23-cv-06599-CAS-JCx | Date | November 15, 2023 |
|---|---|---|---|
| Title | Volkswagen Group of America, Inc. v. On-Line Administrators, Inc. et al | | |

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:23-cv-06599-CAS-JCx | Date | November 15, 2023 |
|---|---|---|---|
| Title | Volkswagen Group of America, Inc. v. On-Line Administrators, Inc. et al | | |

## IV. DISCUSSION

Both parties agree that Michigan law applies to this action, pursuant to the choice-of-law provision in the Agreements. See MTD at 10; Opp. at 1.

As a threshold matter, defendants argue that the Standard Terms & Conditions do not apply because those terms were not made available to Peak before the parties entered into a contract for services. MTD at 8. However, they acknowledge that "this factual dispute is not proper on a motion to dismiss [and] will be addressed only if this case proceeds beyond the pleadings." Id.

### A. Plaintiff's Claims for Express Contractual Indemnity and Breach of Contract

The indemnity provision in the Standard Terms & Conditions reads in relevant part:

> 8.1 Indemnification by Supplier. Supplier will, at its expense, indemnify, defend and hold harmless [plaintiff] and its affiliates . . . from and against all damages, losses, claims, liabilities and expenses (including reasonable attorneys' and other professional fees, settlement and judgments[)] (collectively, "Losses") claimed by any Third Person in any claim, demand, suit, or proceeding in connection with any of the following:
>
> 8.1.1 The breach or misrepresentation by Supplier of its obligations or warranties to [plaintiff] under these Terms or an Order.
>
> 8.1.2 The death or bodily or personal injury of, or other legally enforceable damage incurred by, any agent, employee, customer, business invitee, or business visitor or other person caused by the breach of contract, breach of warranty, gross negligence, intentional or willful misconduct, errors or omissions of Supplier or its Personnel, agents or Subcontractors. Compl. ¶ 30; Ex. D.

Peak argues that this provision only requires it to indemnify and defend plaintiff "if Peak *actually* breache[d] i[ts] obligations or warranties," not "just because allegations [of breach] were made." MTD at 8 (emphasis in original); see also id. at 12. Here, Peak contends that it "did not violate the TCPA, and [plaintiff] does not allege a violation of the TCPA." Id. at 8-9. Accordingly, Peak asks for dismissal of plaintiff's claim for express contractual indemnity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-06599-CAS-JCx | Date | November 15, 2023 |
|---|---|---|---|
| Title | Volkswagen Group of America, Inc. v. On-Line Administrators, Inc. et al | | |

Peak contends that its interpretation is supported by the plain language of Section 8.1.1 which, unlike other provisions in the Standard Terms & Conditions, only provides for indemnification of damages "in connection with . . . the breach" of the Agreement rather than "claimed" or "alleged" breaches.[3] Id. at 12. Additionally, plaintiff allegedly conceded that the Standard Terms & Conditions "contemplate[] an *actual breach* and [a situation where the] plaintiffs prevail[] in the underlying litigation," neither of which occurred in this case.[4] Id. at 9 (emphasis in original). Peak also argues that courts construe non-insurance indemnification provisions narrowly and in favor of the indemnitor. Id. at 14-16. Finally, Peak argues that its interpretation is supported by the "overall context of the parties' agreement," as it would "make[] no sense for Peak to place calls at [plaintiff's] direction, and then also agree to defend and indemni[fy] [plaintiff] if the parties got sued for Peak doing exactly as [plaintiff] asked." Id. at 16-17. Defendants argue that plaintiff's breach of contract claim should be dismissed for the same reasons. MTD at 20.

In opposition, plaintiff argues that "[d]efendants['] obligations under the indemnification provision commenced upon [a] claim being made through the filing of the [Trenz] lawsuit." Opp. at 8. It argues that Section 8.1.1 broadly requires indemnification against "all damages, losses, claims, liabilities, and expenses . . . claimed by and Third Person." Id. at 7. Plaintiff contends that the plain and ordinary of the verb "claim" is "to say that something is true or is a fact, although you cannot prove it and other people might not believe it." Id. Here, indemnification was allegedly triggered when the Trenz plaintiffs "claimed that [d]efendants violated the TCPA." Id. at 8.

---

[3] In contrast, Peak cites Section 8.2 of the Standard Terms & Conditions which "provides for indemnification for 'Claims by [Peak's] employees . . . ,' [regardless of] whether those claims are successful or not." MTD at 12.

[4] In support, Peak cites a letter that plaintiff sent notifying Peak of the indemnity claim. In the letter, plaintiff wrote: "Although [plaintiff] does not believe that Peak['s] actions violated the TCPA, that question has yet to be resolved in court, and *if it is resolved unfavorably to Peak[]*, that same finding *will have established Peak['s] breach of its contract* with [plaintiff]." MTD at 9 (emphasis in original). Plaintiff argues that this evidence "is not appropriate for consideration on a Motion to Dismiss." Obj. at 2. Alternatively, it argues that this letter "is not evidence of the intention of the parties at the time they entered into the Agreements (which is the only relevant inquiry) and [also] that the position taken in the letter is the same as [Volkswagen] takes now." Opp. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-06599-CAS-JCx | Date | November 15, 2023 |
|---|---|---|---|
| Title | Volkswagen Group of America, Inc. v. On-Line Administrators, Inc. et al | | |

Plaintiff also asserts that defendants' interpretation of Section 8.1 would render the detailed indemnification procedures laid out in Section 8.3 meaningless. Id. at 8-9. For example, Section 8.3 provides that, "[p]romptly after receipt by [Volkswagen] of written notice of the commencement or threatened commencement of any civil . . . action or proceeding involving a claim for which a [Volkswagen] Indemnitee may be entitled to indemnification, written notice of such claim will be conveyed to Supplier." Compl. at Ex. D. It additionally provides that "Supplier and the Indemnitees will make good faith efforts to coordinate their activities so as to take consistent positions in the course of . . . litigation." Id.

Plaintiff also argues that, even if defendants were not required to immediately defend plaintiff upon receiving notice of the Trenz claim, they are liable for plaintiff's expenses so long as plaintiff shows "potential liability." Opp. at 12. Plaintiff contends that contractual indemnity claims must be applied against "general background principles of indemnity law." Id. at 10. In Michigan, these principles dictate that when an "indemnitor had notice of [a] claim and refused to defend, the indemnified party need show only potential liability" to bind the indemnitee to "any reasonable, good faith settlement the indemnitee might thereafter make." Id. at 10 (citing Grand Truck Western Railroad, Inc. v. Auto Warehousing Co., 262 Mich.App. 345, 353, 355-56 (2004)) (internal citations omitted). A defendant is "not required to conclusively prove elements of liability in order to demonstrate it was entitled to indemnification." Opp. at 11. Plaintiff additionally distinguishes several of the cases that defendants rely upon as non-controlling and factually distinct. Id. Finally, regarding its breach of contract claim, plaintiff argues that it has "pled the existence of a contract . . . pled that Defendants breached the Agreements b[y] refusing to indemnify [Volkswagen], . . . and has alleged that it incurred damages as a result." Id. at 17.

In reply, defendants argue that plaintiff conflates "*what* must be indemnified" versus "*when* [indemnification] is triggered." Reply at 1 (emphasis in original). They reassert that, pursuant to Section 8.1, indemnification is only triggered when claims are brought "in connection with . . . *the* breach" of the parties' agreement." Id. at 3 (emphasis in original). "If there is no actual breach by Peak, then the Third-Party's claims would not be 'in connection with' that breach." Id. Additionally, Peak clarifies that it "is not saying that its obligations arise only if a Third Party claim is successful; rather, Peak is saying that its obligations . . . are triggered only . . . if Peak breaches the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:23-cv-06599-CAS-JCx | Date | November 15, 2023 |
|---|---|---|---|
| Title | Volkswagen Group of America, Inc. v. On-Line Administrators, Inc. et al | | |

parties' agreement." [5] Id. at 6. Peak also argues that its interpretation is consistent with the Section 8.3 indemnification procedures, which provide that notice must be provided of a Third Party Claim for which plaintiff "*may* be entitled to indemnification." Id. at 7. They contend that the use of the word "may" necessarily means that "Third Party claims[] do not, at the outset, trigger Peak's . . . indemnification obligations." Id. at 7.

Furthermore, defendants distinguish the "potential liability" rule from Grand Truck as relying on the condition that "the indemnity obligation had been triggered"; here, defendants contest that the obligation was triggered at all. Id. at 8. Alternatively, defendants contend that Grand Truck recognized that an indemnitor may avoid liability by showing that the settled Third Party suit "would have been successfully defended." Id. at 9 (internal citation omitted). Here, defendants contend that Volkswagen "faced no liability at all" given that the Trenz plaintiffs either dismissed their cases or lost on summary judgment. Finally, Peak argues that Grand Truck "potential liability" rule applies "only to settlement amounts, not the underlying costs of defense." Id. at 10.

The Court finds that the indemnity provision in the Standard Terms & Conditions may be triggered without a finding or judgment that Peak breached its contractual obligations.[6] The plain language of the contract appears to contemplate that Peak will "indemnify [plaintiff] . . . against all damages [and] claims . . . claimed by any Third Person in any claim [or] suit . . . in connection with . . . [t]he breach or misrepresentation by [Peak] of its obligations . . . under these Terms or an Order." Compl. at Ex. D. While the clause does not explicitly discuss claims involving "alleged" breaches, the word "claim" inherently implies there is no need for a finding or judgment of breach before the indemnification obligation may be triggered.[7] Accordingly, defendants' motion to

---

[5] Defendants contend that their interpretation of the contract language is supported by two district court cases, Cottman Ave. PRP Grp. v. AMEC Foster Wheeler Env't Infrastructure Inc., 439 F. Supp. 3d 407 (E.D. Pa. 2020), and Lologo v. Wal-Mart Stores, Inc., No. 2:13-CV-1493-GMN-PAL, 2015 WL 1914936 (D. Nev. Apr. 27, 2015). MTD at 14-15. While the Court has reviewed both opinions, neither is persuasive or controlling.

[6] The Court is merely acknowledging that this is a plausible interpretation of the contract provisions at issue; it is not ruling on the correct interpretation of the provisions at this juncture.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-cv-06599-CAS-JCx | Date | November 15, 2023 |
|---|---|---|---|
| Title | Volkswagen Group of America, Inc. v. On-Line Administrators, Inc. et al | | |

dismiss plaintiff's claims for express contractual indemnity and breach of contract is **DENIED**.

### B. Plaintiff's Claim for Equitable Indemnity

Defendants argue that, to assert a claim for equitable indemnity, "a plaintiff must plausibly allege that the defendant[s] engaged in some wrongdoing." MTD at 17. Here, defendants claim that plaintiff has not "plausibly alleged that Peak committed a wrongful act" with any supporting facts. MTD at 17. Additionally, even if plaintiff could allege wrongdoing, Peak acted "*at Volkswagen's direction*" when it placed the calls that were the subject of the Trenz litigation. Id. at 18 (emphasis in original). Finally, defendants argue that many courts have denied equitable indemnity claims when parties have an express indemnity agreement, although defendants also acknowledge that "[i]t is unclear if Michigan adheres to this rule." Id.

Plaintiff argues that, under the proper circumstances, Michigan case law allows a party to claim equitable indemnity when the party "resolves a case when it was not liable." Opp. at 3; Opp. at 16 (citing North Community Healthcare, Inc. v. Telford, 219 Mich.App. 225, 229 (1996)). Here, plaintiff contends that it paid the entirety of the Trenz settlement "with no contribution from defendants, who were alleged to have violated the TCPA." Id. at 16. Additionally, plaintiff claims that equitable indemnity claims may exist pursuant to Michigan case law regardless of "whether . . . contractual relations exist between the parties." Id. at 17 (citing H & H Wholesale Servs., Inc. v. Kamstra Int'l, B.V., 373 F. Supp. 3d 826, 845 (E.D. Mich. 2019)).

In reply, defendants argue that plaintiff "does not even attempt to rebut Peak's argument" that the Trenz plaintiffs "alleged that [Volkswagen] was actively negligent" by directing Peak to place the underlying calls. Reply at 12. They further reallege that plaintiff has failed to show that Peak engaged in wrongdoing. Id. at 13-14.

The Court finds that, at this juncture, the plaintiff has stated a plausible claim for equitable indemnity. Plaintiff contends that, in certain circumstances, settlement of a claim may constitute being held liable for the wrongful act of another. Opp. at 16. Accordingly, defendants' motion to dismiss plaintiff's claim for equitable indemnity is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:23-cv-06599-CAS-JCx | Date | November 15, 2023 |
|---|---|---|---|
| Title | Volkswagen Group of America, Inc. v. On-Line Administrators, Inc. et al | | |

### C.    Plaintiff's Claim for Declaratory Relief

Defendants asks the Court to dismiss plaintiff's declaratory relief claim because "the Court can redress [plaintiff's] alleged injuries via its express indemnity, equitable indemnity, and breach of contract claims." MTD at 19 (citing Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 989 F. Supp. 838, 840 (E.D. Mich. 1997)).

In opposition, plaintiff argues that "it is well-established [under] Michigan law . . . that the existence of another remedy *does not* preclude declaratory relief." Opp. at 14 (emphasis in original). Plaintiff cites M.C.R. 2.605(C) which provides that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in an appropriate case." Id. Additionally, it argues that Jerome-Duncan is distinguishable because, unlike here, in that case "there was no [factual] dispute as to whether the contract was breached." Id. at 15.

Defendants respond that, "while 'Michigan law provides that the existence of another remedy does not preclude declaratory relief,' such relief is inappropriate where the plaintiff 'seeks to redress an existing injury' in an action that 'has fully ripened.'" Reply at 15-16 (quoting Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 989 F. Supp. 838, 840 (E.D. Mich. 1997)). Thus, they contend that declaratory relief is inappropriate here. Id. Additionally, they argue that "[t]here was a dispute [as to] whether the contract was breached" in Jerome-Duncan. Id. at 16; see Jerome-Duncan, 989 F. Supp at 840 ("ABT terminated this contract (properly or improperly) and has refused to perform under its term.").

The Court finds that, pursuant to Michigan law, plaintiff may bring a claim for declaratory relief even if other remedies are available. Although the parties dispute whether declaratory relief is ultimately appropriate in this case, plaintiff has stated a plausible claim for declaratory relief at this juncture. Accordingly, defendants' motion to dismiss plaintiff's claim for declaratory relief is **DENIED**.

### D.    Plaintiff's Prayer for Attorneys' Fees

Defendants ask the Court to dismiss plaintiff's request for attorneys' fees incurred in this action because plaintiff "does not allege that any contract or law permits it to recover attorney[s'] fees." MTD at 21. The Standard Terms & Conditions only permit recovery of attorneys' fees when a claim is brought in arbitration, and "Michigan courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:23-cv-06599-CAS-JCx | Date | November 15, 2023 |
|---|---|---|---|
| Title | Volkswagen Group of America, Inc. v. On-Line Administrators, Inc. et al | | |

have held that a party is not entitled to recover costs and attorney[s'] fees incurred in establishing a right to common-law indemnification." Id.

In opposition, plaintiff argues that "attorneys' fees and costs are recoverable under equitable . . . indemnification claims pursuant to Michigan law." Opp. at 17.

In reply, defendants argue that plaintiff is not entitled to recover "the attorney[s'] fees that it has incurred and will incur *in this action* (not the underlying matter)." Reply at 14 (emphasis in original).

The Court finds that, if successful on its claims for equitable indemnity, breach of contract, or express contractual indemnity, plaintiff is entitled to recover attorneys' fees spent in defense of the Trenz action. However, plaintiff has not pleaded a plausible basis for recovering attorneys' fees incurred in the prosecution of this action and therefore may not recover such fees. Accordingly, defendants' motion to dismiss plaintiff's prayer for attorneys' fees is **GRANTED in part and DENIED in part.**

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants' motion to dismiss plaintiff's claims for (1) express contractual indemnity; (2) breach of contract; (3) equitable indemnity; and (4) declaratory relief. The Court **GRANTS in part and DENIES in part** defendants' motion to dismiss plaintiff's prayer for attorneys' fees. Plaintiff is permitted to request reimbursement for attorneys' fees incurred in defense of the Trenz action, but not fees incurred in the prosecution of the present action.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |